UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| MIKE G. TATE and | ) | |
| JAMES STEPHEN SOUDER | ) | |
| | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | 4:09-cv-20 |
| | ) | *Mattice* |
| | ) | |
| LINCOLN COUNTY, TENNESSEE, and | ) | |
| SHERIFF MURRAY BLACKWELDER | ) | |
| | ) | |
|     *Defendants*. | ) | |

**MEMORANDUM**

This is a civil rights action pursuant to 42 U.S.C. § 1983; plaintiffs are represented by counsel. The matter is before the court on several motions filed by the parties. Counsel for plaintiffs has filed a motion to withdraw as attorney of record for James Stephen Souder, for the reason that counsel is unable to get in touch with plaintiff Souder. For good cause shown, the motion to withdraw [Court File No. 26] will be **GRANTED**. Plaintiffs have also filed a motion to amend the complaint a second time to allege class action status and the defendants have filed a motion to dismiss. For the following reasons, the defendants' motion to dismiss will be **GRANTED**, plaintiffs' motion to amend the complaint will be **DENIED**, and this action will be **DISMISSED**.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.     Factual Background

Plaintiffs filed this action during their confinement in the Lincoln County Jail; they have since been released from custody. The defendants are Lincoln County, Tennessee, and Lincoln County Sheriff Murray Blackwelder.[1] In their original *pro se* complaint, plaintiffs alleged that they were forced to sleep on the floor in an overcrowded cell for 45 days, which caused mental and physical strain. They sought compensatory damages as well as injunctive relief.

---

[1] The Lincoln County Jail and Staff and Chief Robert Rowe were previously dismissed as defendants.

In an amended complaint filed by counsel, plaintiffs reiterated their claim that they were forced to sleep on the floor for a period of 45 days due to overcrowding. As a result, they claimed they were unable to sleep during this time and suffered bouts of depression and anxiety as well as being tired all the time. Plaintiffs alleged that the defendants' failure to provide adequate sleeping facilities exhibited a deliberate indifference to unconstitutional living conditions. The defendants move to dismiss the complaint for failure to state a claim and the plaintiffs seek to maintain this case as a class action on behalf of all inmates who were confined in the Lincoln County jail in overcrowded conditions during the period of plaintiffs' incarceration.

III.  Discussion

Pursuant to the Prison Litigation Reform Act, an inmate may not recover damages for mental or emotional suffering in the absence of a physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although plaintiffs alleged they suffered physical strain as a result of sleeping on the floor, they did not allege any specific physical injury and the defendants move to dismiss the complaint for that reason.

In response to the defendants' motion to dismiss, plaintiffs contend that their complaint alleged physical injury in that they suffered fatigue as a result of being unable to

sleep. Plaintiffs argue that fatigue is not a mental condition, but rather a physical symptom of sleep deprivation.

Plaintiffs' argument overlooks the fact that the physical injury required by § 1997e(e) must be more than a "de minimis" injury:

> In the absence of any definition of "physical injury" in the new statute, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than de minimus [sic], but need not be significant.

*Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (citation omitted); *see also Luong v. Hatt*, 979 F. Supp. 481, 485-86 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.").

Under the circumstances, plaintiffs' claims of fatigue are de minimis and fail to allege the required physical injury necessary to maintain a prisoner's civil action for damages. Plaintiffs are no longer confined in the Lincoln County Jail and thus their claims for injunctive relief are moot. The plaintiffs having failed to state a claim upon which relief may be granted, the court finds that this action is not appropriate for class action status.

IV.     Conclusion

The plaintiffs' motion to amend the complaint to allege class action status will be **DENIED**, the defendants' motion to dismiss will be **GRANTED**, and this action will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL ENTER.**

                              /s/Harry S. Mattice, Jr.
                              HARRY S. MATTICE, JR.
                              UNITED STATES DISTRICT JUDGE